CHARLES P. SEBRING, SHERIFF OF SOMERSET. RE-
SPONDENT, v. LOUISE PRATT, APPELLANT.

Submitted March 21, 1918—Decided June 7, 1918.

1.  In an action under the act of 1915 (*Pamph. L.*, *p.* 182) by an
    officer holding an execution against one alleged to be indebted
    to the defendant in execution, the issue is whether the garnishee
    is indebted to the defendant in execution, and any evidence is
    admissible that shows that the garnishee is not indebted.
2.  In an action under the act of 1915 (*Pamph. L.*, *p.* 182) by an
    officer holding an execution against one alleged to be indebted to
    the defendant in execution, it is error for the trial judge to un-
    dertake to adjudicate as to the propriety of a price for work
    agreed upon between the garnishee and the defendant in execution.

On appeal from the New Brunswick District Court.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the respondent, *Alfred S. March.*

For the appellant, *Edmund A. Hayes.*

The opinion of the court was delivered by

SWAYZE, J.   Saiff and Kaplan recovered a judgment
against Vidoni.   The sheriff levied upon the sum of $500
said to be due from Pratt to Vidoni.   She denied the debt
and the sheriff brought this suit under chapter 115 of the
laws of 1915.   Obviously the only issue was whether Pratt
owed Vidoni, and if so, how much.   This necessarily de-
pended on what the contract was between them, whether it
had been performed, what balance, if any, was due.   The
trial judge, however, undertook to adjudicate that the con-
tract price was too low and to fix what he thought was right,
against the protest of the only party to the contract who had
been brought into court.   This was palpable error.   The

judge could not make a new contract. He also rejected a claim of Pratt for damages of $5 per day for delay in completing the work, as the contract itself provided. The delay was proved and the right of Pratt to recover was not denied, but the judge refused to allow her claim because she had failed to file a notice of recoupment. He did not point out what legal justification she could possibly have for attempting to recoup damages for Vidoni's default against the sheriff of the county. If this were possible, we fear few men could be found to accept the office of sheriff, and those who did would face speedy insolvency. As we have said, the question was whether Pratt owed Vidoni, and if so, how much? This was for the sheriff to prove, as he was the plaintiff seeking to recover Vidoni's claim. Any evidence that showed that Pratt did not owe Vidoni was admissible, and in the District Court no formal pleading, not even a general denial, was required.

Saiff was allowed to testify that he did extra work outside of that called for in the specifications. This was objected to on the ground that no transaction between the witness and the original contractor was relevant or material. The objection should have been sustained. The fact that Saiff, a sub-contractor, did more work for Vidoni than the specifications called for could not enlarge the liability of the owner (Pratt) to the contractor (Vidoni).

We have stated only the essential points. We must not be understood by our silence to approve of the extraordinary procedure that was adopted.

Let the judgment be reversed and the record remitted for a new trial upon the issue we have stated. We follow reluctantly the usual rule not to allow costs on a reversal.